IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD W. BENSON, III,      §
     §    No. 238, 2022
     Defendant Below,      §
     Appellant,      §    Court Below—Superior Court
     §    of the State of Delaware
     v.      §
     §    Cr. ID Nos. 1811007923 (N) &
STATE OF DELAWARE,      §          1912019316 (N)
     §
     Appellee.      §

Submitted: October 27, 2022
Decided: December 29, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Edward W. Benson, III, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Benson's opening brief that his appeal is without merit. We agree and affirm.

(2) In April 2019, a grand jury indicted Benson for drug and weapon charges in Cr. ID No. 1811007923. In December 2019, a grand jury indicted Benson for act of intimidation, hindering prosecution, and second-degree conspiracy in Cr.

ID No. 1912019316. These charges arose from the efforts of Benson, his son, and his girlfriend to prevent a witness in Cr. ID No. 1811007923 from assisting the prosecution.

(3) In August 2019, Benson's counsel filed a motion to suppress cell phone evidence and a motion to suppress evidence (a semi-automatic rifle, rifle magazines, and cocaine) seized during an administrative search of Benson's residence in Cr. ID No. 1811007923. In September 2019, Benson's counsel advised the Superior Court that Benson wanted to represent himself. The court held a hearing to address Benson's representation on September 10, 2019. Benson stated that he wished to make additional arguments in support of suppression that his counsel was unwilling to make, including an argument that police officers improperly participated in the administrative search. The court granted Benson's request to represent himself.

(4) Benson then filed multiple motions, including a motion to suppress. The court held a suppression hearing on January 24, 2020. Two police officers, two probation officers, and Benson's girlfriend testified at the hearing. After the State and Benson made closing arguments, the Superior Court denied the motion to suppress.

(5) On February 13, 2020, Benson requested the appointment of counsel in Cr. ID No. 1811007923. The court advised Benson that his previous counsel could represent him or he could continue to represent himself. Benson accepted

representation by his previous counsel.

(6)     In May 2021, Benson's attorneys moved to withdraw in Cr. ID No. 1811007923 and Cr. ID No. 1912019316 because he was dissatisfied with one of the attorneys and non-responsive to her.  During the final case review on June 14, 2021, the court discussed the motion to withdraw with Benson and his attorneys.  Benson chose to proceed with his attorneys.

(7)     On July 6, 2021, Benson pleaded guilty to possession of a firearm by a person prohibited ("PFBPP") in Cr. ID No. 1811007923 and act of intimidation in Cr. ID No. 1912019316.  The State agreed to recommend a sentence of fifteen years of Level V incarceration, suspended after the ten-year minimum for PFBPP and eight years of Level V incarceration, suspended for probation for act of intimidation. The State also agreed to enter a nolle prosequi on pending charges against Benson's son and girlfriend that arose from their contact with a witness in Cr. ID No. 1811007923.  The Superior Court accepted Benson's guilty plea and imposed the recommended sentence.  Benson filed an appeal that he voluntarily dismissed a month later.

(8)     On January 4, 2022, Benson filed a timely motion for postconviction relief under Rule 61.  Benson also filed a motion for appointment of counsel. The Superior Court denied the motion for appointment of counsel and directed Benson's counsel to file an affidavit in response to Benson's allegations of ineffective

assistance. After Benson filed an amended motion with additional claims of ineffective assistance, the Superior Court directed Benson's counsel to include a response to the new allegations in her affidavit.

(9) Benson's counsel filed her affidavit on March 29, 2022. The State filed a response to Benson's motion on April 27, 2022, and Benson filed a reply on May 26, 2022. On June 6, 2022, the Superior Court denied Benson's postconviction relief motion. On June 10, 2022, Benson filed a motion for reargument, which the Superior Court denied on June 16, 2022. This appeal followed.

(10) In his opening brief, Benson argues that the Superior Court erred in accepting his coerced guilty plea, denying his motion to suppress, and failing to hold a *Franks* hearing. He also argues that his counsel was ineffective for failing to move to suppress the evidence found during the administrative search based on police officers' improper involvement in the search and coerced statements he made to the police during the administrative search. We do not consider the other claims that Benson raised below but did not argue in his opening brief.[1]

(11) This Court reviews the Superior Court's denial of postconviction relief

---

[1] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver). In the proceedings below, Benson also argued that his counsel had a conflict of interest, failed to obtain transcripts of audio from his home security system, failed to question a witness, failed to file a motion to suppress based on lack of consent to the administrative search of his residence, and failed to raise a Confrontation Clause issue. He also asserted that there were violations of *Brady v. Maryland*, 373 U.S. 83 (1963).

4

for abuse of discretion.[2]  We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[3]  The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[4]

(12)  The Superior Court did not err in rejecting Benson's claim that he was coerced into pleading guilty by the State's threats to prosecute his son and girlfriend. As set forth in the affidavit of Benson's counsel, the State filed charges against Benson's son and girlfriend after prison calls revealed that Benson directed them to contact a witness and Benson's son contacted the witness.  Benson does not contend that the State lacked a basis to file these charges.  As his counsel's affidavit also reflects, Benson wanted the State to drop these charges.  The State offered to do so if Benson accepted responsibility for his actions, but he initially declined to accept the plea.  He later changed his mind after deciding that accepting the plea was the best way to protect his family.

(13)  Benson's statements at the time of his guilty plea refute his postconviction claim of coercion.  On the Truth-in-Sentencing Guilty Plea form, Benson indicated that he had freely and voluntarily decided to plead guilty, no one had threatened or forced him to plead guilty, and he understood that he was waiving certain constitutional rights by pleading guilty.  During his guilty plea colloquy,

---

[2] *Starling v. State*, 130 A.3d 316, 325 (Del. 2015).
[3] *Id.*
[4] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

Benson affirmed to the Superior Court that he had freely and voluntarily decided to plead guilty, that neither his counsel nor the State had threatened or forced him to plead guilty, and that his answers to judge's questions and the questions in the Truth-in-Sentencing Guilty Plea form were truthful. He also acknowledged the Superior Court's warning that acceptance of the guilty plea and sentencing would make it very difficult, if not impossible, for him to later try to withdraw the plea.

(14) "[A] defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[5] Benson has not offered clear and convincing evidence to suggest otherwise. He is therefore bound by his representations in the Truth-in-Sentencing Guilty Plea form and during the guilty plea colloquy.[6] Because his guilty plea was knowing, intelligent, and voluntary, Benson has waived his claims that the Superior Court erred in denying his motion to suppress or failing to hold a *Franks* hearing.[7]

(15) Nor did the Superior Court err in rejecting Benson's ineffective assistance of counsel claims. A successful claim of ineffective assistance requires a claimant to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for his counsel's

---

[5] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).
[6] *Id.*
[7] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

errors, he would not have pleaded guilty but would have insisted on going to trial.[8]

Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

(16)   As the Superior Court recognized, Benson chose to represent himself between  September 10, 2019 and March 3, 2020.  During that time, Benson fully briefed and argued his claim that the evidence seized during the administrative search should be suppressed because police officers improperly participated in the search.   The court ultimately  rejected this claim.  Even if Benson's ineffective assistance claim was not procedurally barred as the Superior Court concluded, Benson has not shown his counsel acted unreasonably in declining to argue that the police improperly participated in the administrative search or a reasonable probability of a different outcome if counsel, rather than Benson himself, had litigated this claim.

(17)   As  to Benson's claim that his counsel was ineffective for failing to move to suppress his allegedly coerced statements during the administrative search, his counsel explained her decision not to file a motion to suppress these statements in her affidavit.  Counsel indicated that portions of the statement could be construed as coercive, but she wished to use those portions to explain damaging statements

---

[8] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[9] *Albury*, 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1988)).

Benson made later at the police station. She therefore did not wish those statements to be suppressed. Counsel explained this strategy to Benson. The Superior Court did not err in concluding that Benson failed to show his counsel acted unreasonably in making this strategic decision or a reasonable probability of a different outcome.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

8